THE BARRETT COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF, v. GLOBE INDEMNITY COMPANY, A CORPORATION, AND FABIO MATAZZA, DEFENDANT.

Decided April 9, 1932.

For the plaintiff, *Heyman & Heyman*.

For the defendant Globe Indemnity Company, *Charles Stockdell Gray*.

OLIPHANT, C. C. J. It was stipulated that this case be heard by the court without a jury and that the only question involved was whether the defendant the Globe Indemnity Company was responsible for the act of its agent in issuing the bond sued on.

On December 29th, 1928, the borough of Bellmawr, in the county of Camden, entered into an agreement with the defendant Matazza for the construction of a highway in said county, and on the same date, it is alleged that Matazza as principal and the Globe Indemnity Company, a corporation of this state as surety, entered into a bond in the sum of $21,881.31 for the faithful performance of said contract and for the payment among other things of all subcontractors and materials furnished under the contract.

The plaintiff herein furnished materials in the sum of $7,372.95 on account of which there was paid $5,000, leaving a balance due of $2,372.95.

The work was accepted and the statutory requirements complied with.

The bond was signed "Globe Indemnity Company, by Arthur P. Ellis, attorney in fact," and the seal of the company was affixed thereto. It was not in the usual printed form but was typewritten and no power of attorney was annexed thereto to show the authority of the said Ellis.

The home office of the company was not advised of the execution of the alleged bond, it did not know it had been written and received no premium therefor.

The power of attorney issued by the Globe Indemnity Company to Ellis, and which was put in evidence, showed that the limit of the authority given to Ellis for the writing of bonds such as the one in suit was $15,000.

Under date of December 27th, 1928, Ellis on a letterhead of the Globe Indemnity Company wrote to the borough of Bellmawr to the effect that the company would furnish any and all bonds required of Matazza, should he be the successful bidder for the work. That letter was signed by Ellis as attorney in fact. No communication was ever had by the borough of Bellmawr or Matazza with the Globe Indemnity Company except through Ellis.

Plaintiff relies on the doctrine laid down by the Court of Errors and Appeals in *Millville Fire Insurance Co.* v. *Mechanics and Workingmen's Building and Loan Association,* 43 *N. J. L.* 652, but the instant case turns up a different question than the one there decided, nevertheless the reasoning of the court in that case bears out the conclusion I have reached herein.

It is true that one may rely upon the apparent authority of an agent and that one who entrusts authority to another is bound by all that is done by the agent within the scope of his apparent authority and cannot screen himself from the consequences thereof upon the ground that no authority was given to do the particular act. It is likewise the settled law that if a person is in fact, or apparently, a general agent of the company, he stands in the place of the company with those he is doing business with, and in the absence of any limitation of his power made known to the third party, any act done by him within the apparent range of his employment is binding upon the principal.

It is also the settled law that if a third person dealing with a general agent has actual or constructive notice of a limitation upon the agent's authority he is put upon inquiry as to the scope of the authority. Those dealing with the agent of the defendant here were bound as a matter of law to notice that the purported bond was signed by him as "attorney in fact," and a reading of the contract and the signature with the words "attorney in fact" following it was sufficient to put those dealing with the agent and all parties connected with the transaction upon notice that they were dealing with a special agent, and, having constructive notice that such agent's authority was limited, they were no longer justified in acting upon the agent's apparent authority. 3 *Am. & Eng. Encycl L.* (*2d ed.*) 281, defines an attorney in fact as "any private or special agent appointed for some particular or definite purpose not connected with a proceeding at law, by formal authority, called a letter or power of attorney, in which is expressed the particular act or acts for which he is appointed and the extent of his authority." *Black's Law Dictionary* 105, defines an attorney in fact as "a private attorney authorized by another to act in his place and stead, either for some particular purpose, as to do a particular act, or for the transaction of business in general not of a legal character. The authority is conferred by an instrument in writing called a 'letter of attorney.' " It is clear, therefore, that the words "attorney in fact" were notice that the agent signed as a special agent.

It is well settled in this state that where one receives notice that he is dealing with a special agent, he is bound to inquire the nature and extent of his authority. The cases on this point are too numerous to mention here, the more important ones being *Black* v. *Shreve,* 13 *N. J. Eq.* 455; *Armour & Co.* v. *Bruner,* 19 *Id.* 331; *Cooley* v. *Perrine,* 41 *N. J. L.* 322; *Strauss* v. *Rabe,* 97 *N. J. Eq.* 208.

Whatever puts one upon inquiry amounts to notice. In *Hay* v. *Bramhall,* a decision of the Court of Errors and Appeals contained in 19 *N. J. Eq.* 563, the court held "the general doctrine is, that whatever puts a party upon an in-

quiry, amounts in judgment of law to notice, provided the inquiry became a duty, and would lead to the knowledge of the requisite fact, by the exercise of ordinary diligence and understanding." This is apparently the leading case on this point and has been followed in numerous instances since.

One of the most recent decisions which applies with particular force to the case *sub judice* is that of *Massachusetts Bonding and Indemnity Co.* v. *Bankers' Surety Co.*, 179 *N. E. Rep.* 329. The facts in that case are very similar to those in the present case. In that case a bond was submitted to a county board in behalf of a general contractor, said bond being executed by a general agent and signed by said agent as "attorney in fact" for his principal. The court said:

"When Bayless Harvey [the agent] signed the bond in question as 'attorney in fact,' the board of commissioners of Du Bois county and all parties connected with such transaction, as a matter of law, were compelled to take notice that Harvey's authority as agent was limited and special in nature and that such authority was limited by an instrument in writing, and that he depended upon the authority, special and limited in nature, delegated to him in such written instrument to execute the bond in question."

In the case of *Wiss* v. *Vogel*, 86 *N. J. L.* 618, the Court of Errors and Appeals said:

"The question in every such case is whether the principal has by his voluntary act placed the agent in such a situation that a person of ordinary prudence conversant with business usages, and the nature of the particular business, is justified in presuming that such agent has authority to perform the particular act in question * * *."

In the present case it can hardly be said, in view of the third person failing to make inquiry, that he exercised ordinary prudence. The words "conversant with business usages, and the nature of the particular business," seriously limit the rule as to apparent agency and the case *sub judice* falls within this exception.

The plaintiff herein was put upon inquiry by the facts, first, that the bond was signed by the agent as "attorney in fact;"

second, that the usual form used in the regular course of business was not used, and third, that the written power of attorney was not attached thereto.

I am convinced that the agent acted beyond the scope of his authority; that the parties with whom he dealt had notice of his limited authority; that they made no inquiry in relation thereto; that the company is not chargeable with any rule of estoppel and that judgment should be for the defendant.